**Gordon Allen DE TIE, Plaintiff–Appellant,**

v.

**ORANGE COUNTY, Brad Gates, as a Police Officer & Sheriff of County of Orange & as an Individual, Defendants–Appellees.**

Nos. 97–55036.

United States Court of Appeals,
Ninth Circuit.

Submitted May 4, 1998.[1]

Decided Aug. 11, 1998.

---

**1.** The panel finds this case appropriate for submission without oral argument pursuant to Fed. R.App. P. 34(a) and 9th Cir. R. 34–4.

Lenton Aikins, Long Beach, California, for plaintiff-appellant.

Tracy Strickland and Donald C. McFarlane, Franscell, Strickland, Roberts & Lawrence, Santa Ana, California, for defendants-appellees.

Before: CANBY, Senior Circuit Judge, and KLEINFELD, Circuit Judge, and SCHWARZER, District Judge.[2]

CANBY, Senior Circuit Judge:

Plaintiff Gordon De Tie's action against Orange County, California, was dismissed pursuant to Fed.R.Civ.P. 4(m) because he failed to serve his complaint upon the County within 120 days after filing it. He contends that the 120–day period was tolled by the automatic stay attending Orange County's bankruptcy, and that his delay was further excused by the fact that the district court had removed his case from its active caseload because of the bankruptcy. We conclude that both of De Tie's contentions are correct, and we accordingly reverse the dismissal of his action.

## BACKGROUND

De Tie's complaint states that he was severely beaten by fellow prisoners at the Orange County jail on December 25, 1994. He filed an action under 42 U.S.C. § 1983 against the County on September 15, 1995, alleging that guards at the jail had incited the other prisoners to beat him. At the time the action was filed, however, Orange County was in bankruptcy proceedings under Chapter 9 of the Bankruptcy Code. Under that Chapter, the County's petition "operates as a stay ... of the commencement or continuation, including issuance or employment of process, of a judicial proceeding." 11 U.S.C.

2. The Honorable William W Schwarzer, Senior United States District Judge for the District of Northern California, sitting by designation.

§ 922(a)(1). De Tie did not serve the County at this time.

On the same day that De Tie filed his complaint, the district court entered a form order stating as follows:

It is hereby ordered that this action is removed from this Court's active caseload pursuant to the bankruptcy of defendant entered 12/6/94.

This Court retains full jurisdiction over this action and this Order shall not prejudice any party to this action.

In February 1996, the parties entered into a stipulation by which the bankruptcy court issued an order that "modified" the stay of De Tie's action pursuant to an order of the bankruptcy court entered on October 28, 1995. The latter order is not in the record, but the stipulation recites that it "modified the automatic stay applicable to, and authorized the County to compromise and resolve, certain outstanding litigation under specified parameters." In June 1996, De Tie moved the district court to return his case to active status. Orange County opposed the motion on the ground that it had yet to be served with the complaint. The district court denied the motion and the case remained off the active caseload.

De Tie served the County on September 27, 1996. In October, De Tie again moved to return his case to the court's active caseload. The County filed a motion to dismiss the action under Fed.R.Civ.P. 4(m) for failure to serve the complaint within 120 days after filing. The district court found that "Plaintiff [sic] service was untimely, and Plaintiff failed to show good cause." It dismissed the action without prejudice, noting that more than a year had elapsed between filing and service. No order was ever entered restoring the case to the court's active caseload.[3] De Tie appeals the dismissal.

3. We do not approve the procedure followed by the district court here of denying plaintiff's motion to restore the case to the active caseload and then granting defendants' motion to dismiss without restoring the case to active status. While circumstances may justify removing cases from the active calendar, in the interest of orderly procedure no action should be taken in such cases until they have been restored to the active calendar.

## JURISDICTION

The County contends that we lack jurisdiction over this appeal because the order dismissing the action without prejudice was not final. *See* 28 U.S.C. § 1291. The County notes that, after the action was dismissed, De Tie refiled his complaint on December 3, 1996. The County relies on *WMX Technologies, Inc. v. Miller*, 104 F.3d 1133 (9th Cir. 1997).

The County's reliance is misplaced. *WMX Technologies* merely held that when a complaint is dismissed with leave to amend, the order is non-final and not appealable in the absence of a further order terminating the action. Here, however, De Tie's *action* was dismissed, as provided in Fed.R.Civ.P. 4(m). The dismissal of an action, even when it is without prejudice, is a final order. *Ash v. Cvetkov*, 739 F.2d 493, 496 (9th Cir.1984), *cert. denied*, 470 U.S. 1007, 105 S.Ct. 1368, 84 L.Ed.2d 387 (1985). The action that De Tie filed in September 1995 is over as far as the district court is concerned. *See United States v. Wallace & Tiernan Co.*, 336 U.S. 793, 794–95 n. 1, 69 S.Ct. 824, 93 L.Ed. 1042 (1949). When De Tie filed his complaint again in December 1996, he began a new action under a new docket number. The County recognized as much when it filed a motion to dismiss on the ground that limitations had run.[4] We conclude, therefore, that we have jurisdiction over this appeal from the dismissal of De Tie's first action.

## DISCUSSION

As amended in 1993, Rule 4(m) provides that, if a plaintiff has good cause for not serving a complaint within 120 days after filing it, the court *shall* extend the time for service for an appropriate period.[5] In this

4. That motion is still pending; the district court has held the second litigation in abeyance pending outcome of this appeal.

5. If no good cause is shown, the 1993 amendments to Rule 4(m) permit, but do not require, the district court to extend the time for service. *See* Fed.R.Civ.P. 4, Advisory Committee Note to 1993 Amendments, Subdivision (m). Such discretionary relief may be justified "if the applicable statute of limitations would bar the refiled action." *Id.* Our conclusion that De Tie established good cause entitling him to mandatory

case, we conclude that the district court abused its discretion in finding that plaintiff failed to show good cause.[6]

At the time that De Tie filed his action, the County was in bankruptcy proceedings and further prosecution of De Tie's action, including "issuance or employment of process" was stayed pursuant to 11 U.S.C. § 922(a)(1). That stay constituted "good cause" for De Tie's not serving process.

The County states in its brief that "the County of Orange emerged from its bankruptcy and began actively litigating cases in or about November and December 1995," but no record reference is given for that statement and nothing in the record supports it. The bankruptcy court apparently modified the stay in some respects in October 1995, but that order is not in the record. The fact that the County and De Tie entered into a stipulation and obtained a bankruptcy court order in February 1996 that "modified" the stay for purposes of De Tie's case, is sufficient indication that the bankruptcy and the stay remained in effect in some form in that month.

The effect of the February 1996 stipulation on the stay is not entirely clear, because it incorporates by reference the October 1995 order of the bankruptcy court that is not in the record. Even if the effect of the stipulation was to lift the stay upon service of process, De Tie was still faced with the order of the district court removing his case "from this Court's active caseload pursuant to the bankruptcy" of the County. The effect of that order was by no means clear on its face. It may be that removing a case from the active caseload is purely an internal administrative matter, with no effect on the actions of the litigants. In the absence of a clear indication in the order to that effect, however, De Tie was justified in believing otherwise. The order is a form, and was apparently issued routinely in actions against the County during its bankruptcy. It was not unreasonable for De Tie to conclude that he was not to conduct activity in the case while it remained off the active caseload. It was also reasonable for him to assume that he would not be prejudiced by the resulting delay, in light of the explicit assurance that "this Order shall not prejudice any party to this action." De Tie moved in June 1996 to restore his case to the active caseload, but his motion was opposed by the County on the ground that he had failed to serve his complaint. When the district court denied his motion on June 28, 1996, for "the reasons set forth in Defendants' opposition," De Tie was on notice for the first time that he should serve his complaint despite the removal of his case from the active caseload. He served his complaint on September 27, 1996, well within 120 days after he learned that he was free to do so.

On these facts, it was an abuse of discretion to find that De Tie had not shown good cause for his delay in serving process. De Tie was almost certainly under a legal constraint not to serve until the stipulated order of the bankruptcy court in February 1996. Even if he was not, his reasonable belief that he was so constrained constituted good cause for the delay. Similarly, De Tie's belief that he could not serve process while the case was removed from the district court's active caseload was reasonable until the district court's order of June 28, 1996, and constituted good cause for delay in service. His service of process well within 120 days of that order did not exceed an appropriate extension of time within the meaning of Fed.R.Civ.P. 4(m).

The order of the district court dismissing De Tie's action pursuant to Fed.R.Civ.P. 4(m) is reversed. De Tie has met the requirements of that rule. The matter is remanded to the district court for further proceedings.[7]

**REVERSED AND REMANDED.**

---

relief makes it unnecessary to address his contention that the district court failed to consider discretionary relief.

**6.** We review for an abuse of discretion the district court's dismissal based upon a finding of no good cause. *Wei v. Hawaii,* 763 F.2d 370, 371 (9th Cir.1985).

**7.** De Tie's request for judicial notice, filed March 15, 1997, is denied as unnecessary.