**Roderick Courtney MANN,**
**Plaintiff–Appellant,**

v.

**AMERICAN AIRLINES,**
**Defendant–Appellee.**

No. 01–35803.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted March 5, 2003.

Filed April 1, 2003.

Douglas R. Cloud, Tacoma, WA, for appellant Roderick C. Mann.

Kenneth R. O'Brien and Brandon Blevans, Littler Mendelson, Sacramento, CA, for appellee American Airlines, Inc.

Before: REINHARDT, W. FLETCHER, and GOULD, Circuit Judges.

GOULD, Circuit Judge.

Plaintiff–Appellant Roderick C. Mann filed a civil action within the governing statute of limitations but then did not serve process within 120 days of filing, as required (absent time extension) by Fed. R.Civ.P. 4(m). Mann then moved for an extension of time to serve Defendant–Appellee American Airlines, was granted additional time by the district court, and effected service within the judicially extended time. We consider (1) whether the failure to serve process within the initial 120–day period causes the statute of limitations to run again and (2) whether the district court may extend the time to serve process, under Rule 4(m), after the 120 days have expired when the statute of limitations would otherwise bar the refiling of the suit if the district court had declined extension of time and had dismissed the suit.

## I

Mann received a "right-to-sue" letter from the Equal Employment Opportunity Commission (EEOC) on August 2, 2000, and filed a pro se complaint in the United States District Court for the Western District of Washington eighty-nine days later on October 30, 2000. His complaint alleged a violation of the Americans with Disabilities Act, 42 U.S.C. § 12101. The original filing of this complaint was within the 90–day statute of limitations period set forth in 42 U.S.C. § 2000e–5(f)(1).

Because Mann did not serve the complaint on Defendant Appellee American Airlines within the 120–day period required by Fed.R.Civ.P. 4(m), the district court on March 27, 2001, issued an "Order to Show Cause Why Case Should Not Be Dismissed." Mann retained counsel, filed a Response to the Order to Show Cause through counsel, and moved for extension of time to serve the complaint. By minute order dated May 8, 2001, the district court granted the motion for extension, giving Mann until June 8, 2001, to complete service.

On May 30, 2001, Mann filed an amended complaint and the district court issued a summons. On June 4, 2001, Mann served on Defendant American Airlines the original complaint, the amended complaint, the original summons, and the subsequent summons.

American Airlines later moved to dismiss pursuant to Fed.R.Civ.P. 12(b)(5) and (b)(6), alleging inadequate and untimely service of process and lack of personal jurisdiction. The district court granted the motion and dismissed the case with prejudice, apparently believing that compliance with the statute of limitations as provided by 42 U.S.C. § 2000e–5(f)(1) is linked to service of process within the 120–day period set out in Rule 4(m):

In this case, plaintiff's original complaint was timely filed, on the 89th day of the

90 day period. Filing a complaint gives a plaintiff 120 days to complete service of process according to Fed.R.Civ.P. 4(m). In this case plaintiff failed to timely serve and *ex parte* moved the court for an extension of time to complete service, which the court granted. *While the court has discretion with regards to service of process, the court does not have the power to alter the 90 day statute of limitations. Wilson v. Grumman Ohio Corp.,* 815 F.2d 26, 27 (6th Cir.1987). Plaintiff's failure to file suit against American [Airlines] within the 90 day period mandated by the ADA requires the court to dismiss.

(Emphasis added.) Mann appeals.

## II

■ The correctness of the district court's dismissal on statute of limitations grounds is a question of law reviewed de novo. *See Underwood Cotton Co., Inc. v. Hyundai Merch. Marine (Am.), Inc.,* 288 F.3d 405, 407 (9th Cir.2002). The interpretation of a Federal Rule of Civil Procedure is also a question of law reviewed de novo. *See United States v. Foster,* 227 F.3d 1096, 1099 (9th Cir.2000).

## III

■ This appeal requires resolution of two issues. First, we address whether Mann's failure to serve process within the initial 120–day period prescribed by Fed. R.Civ.P. 4(m) caused the statute of limitations to start to run again. We conclude that it did not. Once a complaint is filed, the statute of limitations is tolled unless and until the district court dismisses the action. *See* 4 Charles A. Wright and Ar-

thur R. Miller, *Federal Practice and Procedure: Civil 3d* § 1053 (3d ed. 2002).[1]

■ Second, we address whether the district court had the discretion to extend the time to serve process even after the 120–day period had expired. We conclude that it did. Fed.R.Civ.P. 4(m) provides:

If service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period.[2]

On its face, Rule 4(m) does not tie the hands of the district court after the 120–day period has expired. Rather, Rule 4(m) explicitly permits a district court to grant an extension of time to serve the complaint *after* that 120–day period. *Cf. Henderson v. United States,* 517 U.S. 654, 661, 116 S.Ct. 1638, 134 L.Ed.2d 880 (1996) (concluding that "the 120–day provision operates not as an outer limit subject to reduction, but as an irreducible allowance").

The district court's discretion is not diminished when the statute of limitations would bar re-filing of the suit if the district court decided to dismiss the case instead of grant an extension. To the contrary, 'the advisory committee notes explicitly contemplate that a district court might use

---

**1.** Neither party disputes that Mann filed his complaint within the 90–day statute of limitations. And, neither party disputes that the statute of limitations initially is tolled upon filing of a complaint. *See Sain v. City of Bend,* 309 F.3d 1134, 1138 (9th Cir.2002).

**2.** Rule 4(m) replaced former Rule 4(j) in the 1993 amendments. The current rule requires

a district court to grant an extension of time if good cause is shown and permits the district court to grant such an extension even absent good cause. *Henderson v. United States,* 517 U.S. 654, 662, 116 S.Ct. 1638, 134 L.Ed.2d 880 (1996). This differs from former Rule 4(j), which did not permit extensions absent good cause. *Id.* at 661–62, 116 S.Ct. 1638.

its discretion to grant an extension in that very situation: "Relief may be justified, for example, if the applicable statute of limitations would bar the re-filed action." Fed.R.Civ.P. 4, Advisory Committee Note to 1993 Amendments, Subdivision (m). *See also De Tie v. Orange Cty.*, 152 F.3d 1109, 1111 n. 5 (9th Cir.1998) (recognizing that an extension may be warranted if the statute of limitations has run).

Here, even though the district court properly used its discretion to extend the time for Mann to serve process, the district court later dismissed the action after concluding the statute of limitations had not been satisfied. As there was no other apparent basis, we must assume that the district court believed that the statute of limitations began to run upon Mann's failure to serve process within the 120–day period.[3] But the failure to serve process within Rule 4(m)'s 120–day period does not affect the tolling of the statute of limitations unless the failure to serve process causes the district court to dismiss the action. *Cf. Henderson*, 517 U.S. at 656, 116 S.Ct. 1638 (holding that once a federal suit is commenced in compliance with the governing statute of limitations, "the manner and timing of serving process are generally nonjurisdictional matters of 'procedure' "); *Pardazi v. Cullman Med. Ctr.*, 896 F.2d 1313, 1315–16 (11th Cir.1990) (holding that service of process requirements are not bound up with the statute of limitations under 42 U.S.C. § 2000e–5(f)(1)). The district court did not dismiss Mann's action but rather extended the 120 day service of process period, a decision perfectly within its discretion.[4]

Having concluded that the district court's dismissal of this case was error, we

reverse and remand for further proceedings.

**REVERSED and REMANDED.**

---

**3.** The district court's reliance on *Wilson v. Grumman Ohio Corp.*, 815 F.2d 26 (6th Cir. 1987), is misplaced in part because that case concerned the *re* filing of a complaint *after* it had already been dismissed by the district court for failure to prosecute.

**4.** We reject Defendant's claims that the grant of a 30–day extension was prejudicial.