**Carol LANIER, Plaintiff–Appellant,**

v.

**COUNTY OF SAN DIEGO, Defendant,**

**and**

**Lakeside Fire Protection District;**
**et al., Defendants–Appellees.**

No. 02–55722.

D.C. No. CV–98–01920–JTM.

United States Court of Appeals,
Ninth Circuit.

Submitted June 9, 2003.*

Decided June 13, 2003.

Before RYMER, THOMAS and
SILVERMAN, Circuit Judges.

MEMORANDUM **

Carol Lanier appeals pro se the district court's summary judgment in favor of Bal-

---

* This panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a)(2).

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

boa Insurance Company and Acclamation Insurance Management Services, Inc., in her diversity action seeking compensation for damage to her residence caused by fire in September, 1995. We have jurisdiction under 28 U.S.C. § 1291. We review for abuse of discretion a district court's decision not to appoint counsel, *Terrell v. Brewer,* 935 F.2d 1015, 1017 (9th Cir.1991) (per curiam), and review de novo its application of a Federal Rule of Civil Procedure, *Mann v. American Airlines,* 324 F.3d 1088, 1090 (9th Cir.2003). We affirm.

The district court did not abuse its discretion in declining to appoint counsel to represent Lanier because this action does not present exceptional circumstances. *See Terrell,* 935 F.2d at 1017.

The district court properly denied Lanier's request that the court enforce the initial disclosure requirements of Fed. R.Civ.P. 26(a)(1). Pursuant to Local Rule 26.1(f), the Southern District of California opted out of the disclosure requirements until January, 2001, *see* Fed.R.Civ.P. 26(a)(1) (initial disclosure requirements apply except to the extent otherwise directed by order or local rule), and the court notified Lanier several times that the requirements would not apply in this action, which had been pending since 1998. Furthermore, extensive discovery had already been completed, and Lanier failed to identify what further discovery she needed to conduct. *See* Fed.R.Civ.P. 26(a)(1); *Mann,* 324 F.3d at 1090.

AFFIRMED.

* This disposition is not appropriate for publication and may not be cited to or by the courts