**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

ROBERT EFAW,
                    *Plaintiff-Appellee,*

v.

TERESA WILLIAMS, Detention
Officer or Deputy Sheriff,
Winslow Jail, in her official and
individual capacity,
                    *Defendant-Appellant,*

and

GARY H. BUTLER, Navajo County
Sheriff; JACK KERR, Detention
Officer or Deputy Sheriff in his
official and individual capacity;
MIKE DURAN, Jail Commander,
Navajo County Sheriff's
Department; FARRELL YONNIE,
Detention Officer or Deputy
Sheriff at Navajo County Sheriff's
Department in her official and
individual capacity; NAVAJO
COUNTY; NAVAJO COUNTY SHERIFF'S
OFFICE; GAILENE BUTLER, aka Jane
Doe Butler; DEBBIE KERR, aka Jane
Doe Kerr; JANE DOE DURAN; JANE
DOE YONNIE; JANE DOE WILLIAMS,
                    *Defendants.*

No. 04-16920

D.C. No.
CV-96-01751-PCT-
MHM

ROBERT EFAW,
                    *Plaintiff-Appellee,*

             v.

TERESA WILLIAMS, Detention
Officer or Deputy Sheriff,
Winslow Jail, in her official and
individual capacity,
                    *Defendant-Appellant,*

             and

GARY H. BUTLER, Navajo County
Sheriff; JACK KERR, Detention
Officer or Deputy Sheriff in his
official and individual capacity;
MIKE DURAN, Jail Commander,
Navajo County Sheriff's
Department; FARRELL YONNIE,
Detention Officer or Deputy
Sheriff at Navajo County Sheriff's
Department in her official and
individual capacity; NAVAJO
COUNTY; NAVAJO COUNTY SHERIFF'S
OFFICE; GAILENE BUTLER, aka Jane
Doe Butler; DEBBIE KERR, aka Jane
Doe Kerr; JANE DOE DURAN; JANE
DOE YONNIE; JANE DOE WILLIAMS,
                    *Defendants.*

No. 05-16062

D.C. No.
CV-96-01751-PCT-
MHM

OPINION

Appeals from the United States District Court
for the District of Arizona
Mary H. Murguia, District Judge, Presiding

Argued and Submitted
October 19, 2006—San Francisco, California

Filed January 16, 2007

Before: Susan P. Graber, William A. Fletcher, and
Richard C. Tallman, Circuit Judges.

Opinion by Judge Graber;
Dissent by Judge W. Fletcher

## COUNSEL

Randall H. Warner, Jones, Skelton & Hochuli, PLC, Phoenix, Arizona, for the defendant-appellant.

Dennis J. Glanzer, Glanzer Law Office, Flagstaff, Arizona, for the plaintiff-appellee.

## OPINION

GRABER, Circuit Judge:

Plaintiff Robert Efaw claims that he was beaten severely by two guards while imprisoned at a Navajo County jail in Arizona. He filed suit against Defendant Officer Teresa Williams, one of the two guards involved in the incident, and various institutional and individual defendants. Plaintiff failed to serve Defendant with the complaint until seven years after it was filed.

Defendant moved to be dismissed as a defendant pursuant to Federal Rule of Civil Procedure 4(m). The district court denied the motion and granted Plaintiff additional time to effect service of process. A jury trial followed, resulting in a judgment for Plaintiff. Defendant appeals. We vacate the judgment and remand with instructions to dismiss the action against Williams.

## FACTUAL AND PROCEDURAL BACKGROUND

On August 9, 1995, Plaintiff was in custody at the Navajo County jail in Winslow, Arizona. According to Plaintiff, Sheriff's Deputy Jack Kerr and Defendant entered his cell and assaulted him. Plaintiff testified at trial that Kerr and Defendant struck him more than 20 times in the face, throat, and head, and "four-pointed" him by handcuffing his hands and feet to the bed with his arms splayed above his head. Plaintiff was hospitalized later that night.

Kerr created an "Offense Report" dated the same day the incident occurred. The Offense Report asserts that Plaintiff attacked Kerr and Defendant when they entered his cell and that Kerr hit Plaintiff and shackled him in order to subdue him. Kerr, Defendant, and Plaintiff were the only people present during the incident.

Plaintiff's original complaint was filed pro se on July 29, 1996, and was dismissed on technical grounds. He obtained counsel and filed an amended complaint on October 4, 1996, naming as defendants Navajo County, Navajo County Sheriff Gary Butler, Deputy Kerr, Mike Duran, Farrell Yonnie, Defendant, and each named defendant's spouse. By January 9, 1997, Plaintiff had served process on all defendants except Yonnie and Defendant, neither of whom worked for the Navajo County Sheriff's Office at the time Plaintiff attempted to serve them. On January 28, 1997, Plaintiff sought an extension of time within which to complete service of process. The district court granted him an additional 180 days. He failed to complete service on Defendant in the allotted time.

Plaintiff was without counsel between October 7, 1997, and April 9, 2001. On August 13, 2003, the district court granted partial summary judgment to the other defendants, leaving only Defendant and Kerr in the action.

On September 9, 2003, more than seven years after filing the complaint, Defendant Williams moved to dismiss herself

as a party under Rule 4(m) because Plaintiff had failed to complete service of process. The district court denied her motion and granted Plaintiff 30 days from the time of its December 19, 2003, order to serve Defendant. Plaintiff finally completed service, and the case went to trial with Williams as the only remaining defendant.

At trial, Defendant offered as evidence Kerr's Offense Report. The district court refused to admit the report on hearsay grounds because Defendant had failed to lay the proper foundation to establish the report as a business record and the district court questioned the trustworthiness of the report. Kerr had died by the time of trial, and no party deposed him before his death.

On August 18, 2004, the district court entered judgment for Plaintiff. The jury awarded Plaintiff $10,000 in nominal and compensatory damages and $90,000 in punitive damages. Defendant filed a timely appeal.

## STANDARD OF REVIEW

We review for abuse of discretion a district court's decision to extend the period for effecting service of process. *Mann v. Am. Airlines*, 324 F.3d 1088, 1090 (9th Cir. 2003).

## DISCUSSION

[1] Rule 4(m) provides in part:

> If service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time; provided that if the plaintiff shows good cause

for the failure, the court shall extend the time for ser-
vice for an appropriate period.

Fed. R. Civ. P. 4(m).

**[2]** Plaintiff did not serve Defendant within 120 days of fil-
ing his complaint. Rather, Defendant was not served until
more than seven years after Plaintiff filed his amended com-
plaint.

**[3]** Rule 4(m), as amended in 1993, *requires* a district court
to grant an extension of time when the plaintiff shows good
cause for the delay. *Mann*, 324 F.3d at 1090 n.2. Additionally,
the rule *permits* the district court to grant an extension even
in the absence of good cause. *Id.* Here, Plaintiff does not
argue that he showed "good cause," nor did the district court
find that he established good cause.[1] Rather, Plaintiff contends
that the district court acted within the scope of its Rule 4(m)
discretionary power when it extended the time to serve Defen-
dant. The question presented, then, is how much discretion
Rule 4(m) bestows on the district court.

**[4]** District courts have broad discretion to extend time for
service under Rule 4(m). In *Henderson v. United States*, 517
U.S. 654, 661 (1996), the Supreme Court stated that Rule 4's
120-day time period for service "operates not as an outer limit
subject to reduction, but as an irreducible allowance." This
court in *Mann*, 324 F.3d 1090-91, held that Rule 4(m) gave
the district court discretion to extend time of service. "On its
face, Rule 4(m) does not tie the hands of the district court
after the 120-day period has expired. Rather, Rule 4(m)
explicitly permits a district court to grant an extension of time

---

[1]In his December 12, 2003, motion for extension of time for service,
Plaintiff stated: "Plaintiff has attempted in several ways to locate Ms. Wil-
liams without success to this point in time. Some other methods of search-
ing were too costly for Efaw, but there are funds available now for
additional search methods to find Ms. Williams."

to serve the complaint *after* that 120-day period." *Id.* at 1090. However, no court has ruled that the discretion is limitless.

**[5]** In making extension decisions under Rule 4(m) a district court may consider factors "like a statute of limitations bar, prejudice to the defendant, actual notice of a lawsuit, and eventual service." *Troxell v. Fedders of N. Am., Inc.*, 160 F.3d 381, 383 (7th Cir. 1998). Here, the district court provided no indication that it had considered those factors in reaching its decision. Its order merely cited Rule 4(m) and ruled: "Pursuant to Rule 4(m), the Court will order Plaintiff to serve Defendant Williams within thirty days from the date this Order is filed. If Plaintiff fails to serve Defendant Williams within that time, a subsequent motion to dismiss will be granted."

**[6]** The facts of this case weigh strongly against the district court's ruling. First, the length of the delay was extraordinary. Plaintiff offered no reasonable explanation for his seven-year failure to serve Defendant. There was no evidence that Defendant attempted to evade service, that she left the state, or that she took any other action that contributed to Plaintiff's delay. Plaintiff was represented by counsel for a significant portion of the seven years, including the period in which he filed his amended complaint, and he never claimed ignorance of the service requirements even when he proceeded pro se.

**[7]** Second, there is no evidence in the record that Defendant knew about the action notwithstanding Plaintiff's failure to effect proper service. Nor did the district court find that Defendant knew that Plaintiff had filed the complaint.

**[8]** Finally, the delay prejudiced Defendant. In the intervening seven years, the memories of all witnesses faded. Kerr, the only other eyewitness to the incident, died. Neither party deposed Kerr before his death, and Defendant was not served until five years after Kerr died. Defendant had no reason to depose Kerr during the two years he was available, after Plaintiff filed the action and before Kerr died.

**[9]** Under these circumstances, the district court abused its discretion in denying Defendant's motion for dismissal based on Plaintiff's failure to comply with Rule 4's service requirements.[2]

**[10]** Defendant also challenged the district court's exclusion at trial of the Kerr report on hearsay grounds. Because dismissal is proper under Rule 4, we need not reach this issue.

JUDGMENT VACATED; REMANDED with instructions to dismiss the action against Defendant Williams. Costs on appeal are awarded to Defendant Williams.

---

W. FLETCHER, Circuit Judge, dissenting:

I respectfully dissent in this close case. Although seven years is indeed an extraordinary delay in serving a defendant, I would find that the district court did not abuse its broad discretion in granting an extension of time under Rule 4(m).

A jury awarded Robert Efaw $100,000 in damages in a lawsuit arising out of a series of beatings Efaw suffered over the course of a day in the Navajo County jail in August 1995. Although defendant Teresa Williams testified at trial that she herself did not punch Efaw, she admitted that the officer acting with her, Jack Kerr, did punch him. She further admitted that she and Kerr "four-pointed" Efaw by handcuffing his arms and legs to the bed with his arms splayed above his head, even though the normal position for a four-point restraint is to put the person's arms by his side. During the

---

[2]The dissent correctly points out that "Williams has been unable to point us to a single case in which a court has held that a district court abused its discretion in granting an extension under Rule 4(m)." Dissent at 625. On the other hand, we have found no case upholding a delay of anywhere near this magnitude.

night following the beatings, a third officer discovered Efaw still "four-pointed" and released him; later, she radioed for paramedics and an ambulance after finding Efaw sprawled on the floor of his cell with blood around his face.

As the majority opinion recounts in greater detail, Efaw failed to serve Williams for seven years, from 1996 to 2003. Although Efaw timely served others among the defendants, Williams was no longer working at the County Sheriff's Office when Efaw timely attempted to serve her, and he failed to serve her during the 180-day extension he was granted in January 1997. The court permitted Efaw's counsel to withdraw in April 1997, and Efaw's motion for appointment of counsel was stricken in November 1997. Counsel next appeared on Efaw's behalf in April 2001. In September 2003, Williams moved to dismiss herself as a party for Efaw's failure to serve. Now represented by his new counsel, in December 2001 Efaw requested and received his second extension of the time to serve. He then served Williams within the 30 days the court granted him.

We review for abuse of discretion a district court's decision to grant an extension under Rule 4(m). *Mann v. Am. Airlines*, 324 F.3d 1088, 1090 (9th Cir. 2003). Under the abuse of discretion standard, we reverse a trial court's decision only when we are "convinced firmly that the reviewed decision lies beyond the pale of reasonable justification under the circumstances." *Harman v. Apfel*, 211 F.3d 1172, 1174 (9th Cir. 2000).

As we have previously noted, "[t]he 1993 amendments to General Rule 4(m) gave courts greater leeway to preserve meritorious lawsuits despite untimely service of process." *United States v. 2,164 Watches*, 366 F.3d 767, 772 (9th Cir. 2004). The amendments give courts "discretion to enlarge the 120-day period 'even if there is no good cause shown.' " *Henderson v. United States*, 517 U.S. 654, 663 (1996) (quoting Fed. Rule Civ. P. 4, Advisory Committee Note to 1993

Amendments, Subdivision (m)). A court may retroactively grant such an extension after the 120-day period has expired. *Mann*, 324 F.3d at 1090.

In weighing whether to grant an extension in the absence of good cause, the district court may properly take into account whether the plaintiff could re-file the suit if it were dismissed. "The district court's discretion is not diminished when the statute of limitations would bar re-filing of the suit if the district court decided to dismiss the case instead of grant an extension. To the contrary, the advisory committee notes explicitly contemplate that a district court might use its discretion to grant an extension in that very situation: 'Relief may be justified, for example, if the applicable statute of limitations would bar the re-filed action.' " *Id.* at 1090-91 (quoting Fed. R. Civ. P. 4, Advisory Committee Note to 1993 Amendments, Subdivision (m)); *accord De Tie v. Orange Cty.*, 152 F.3d 1109, 1111 n.5 (9th Cir. 1998). This consideration should carry greater weight in § 1983 cases, because "the public policy favoring resolution on the merits is 'particularly important in civil rights cases.' " *Hernandez v. City of El Monte*, 138 F.3d 393, 401 (1998) (quoting *Eldridge v. Block*, 832 F.2d 1132, 1137 (9th Cir. 1987)). Here, the statute of limitations would have prevented Efaw from re-filing his excessive force claim if the district court had dismissed this case. *See TwoRivers v. Lewis*, 174 F.3d 987, 991 (9th Cir. 1999) (statute of limitations for Arizona § 1983 claims is two years).

Further, although Williams was prejudiced by delay, and although seven years is an extraordinary delay, the most significant prejudice to Williams' defense cannot be attributed to this delay's extraordinary length. The greatest harm to Williams' defense between 1996 and 2003 was the death of Williams' co-defendant Kerr. Kerr's testimony might have corroborated Williams' account and convinced the jury to hold in her favor. We were told at argument that Kerr died in 1998, only two years into the delay. Two years' delay in serv-

ing a defendant is not extraordinary. *See, e.g.*, *McGuire v. Turnbo*, 137 F.3d 321, 323-24 (5th Cir. 1998) (service timely where plaintiff served defendant within court's extended deadline, nearly two years after filing suit). Thus, the extraordinary length of the delay in this case contributed less to the prejudice to Williams than it might seem at first blush, and certainly contributed less than if Kerr had died in the seventh year (in which case I might have joined the majority).

Williams has been unable to point us to a single case in which a court has held that a district court abused its discretion in granting an extension under Rule 4(m). I would decline to do so in this case, despite Efaw's long delay. Granting the extension was not "beyond the pale of reasonable justification under the circumstances," because Efaw would otherwise have been barred from litigating the merits of his civil rights claim. *Harman*, 211 F.3d at 1174. I would defer to the judgment of the district court.