*1042 WILLIAM A. FLETCHER, Circuit Judge,
dissenting:
I respectfully dissent in this close case. Although seven years is indeed an extraordinary delay in serving a defendant, I would find that the district court did not abuse its broad discretion in granting an extension of time under Rule 4(m).
A jury awarded Robert Efaw $100,000 in damages in a lawsuit arising out of a series of beatings Efaw suffered over the course of a day in the Navajo County jail in August 1995. Although defendant Teresa Williams testified at trial that she herself did not punch Efaw, she admitted that the officer acting with her, Jack Kerr, did punch him. She further admitted that she and Kerr “four-pointed” Efaw by handcuffing his arms and legs to the bed with his arms splayed above his head, even though the normal position for a four-point restraint is to put the person’s arms by his side. During the night following the beatings, a third officer discovered Efaw still “four-pointed” and released him; later, she radioed for paramedics and an ambulance after finding Efaw sprawled on the floor of his cell with blood around his face.
As the majority opinion recounts in greater detail, Efaw failed to serve Williams for seven years, from 1996 to 2003. Although Efaw timely served others among the defendants, Williams was no longer working at the County Sheriffs Office when Efaw timely attempted to serve her, and he failed to serve her during the 180-day extension he was granted in January 1997. The court permitted Efaw’s counsel to withdraw in April 1997, and Efaw’s motion for appointment of counsel was stricken in November 1997. Counsel next appeared on Efaw’s behalf in April 2001. In September 2003, Williams moved to dismiss herself as a party for Efaw’s failure to serve. Now represented by his new counsel, in December 2003 Efaw requested and received his second extension of the time to serve. He then served Williams within the 30 days the court granted him.
We review for abuse of discretion a district court’s decision to grant an extension under Rule 4(m). Mann v. Am. Airlines, 324 F.3d 1088, 1090 (9th Cir.2003). Under the abuse of discretion standard, we reverse a trial court’s decision only when we are “convinced firmly that the reviewed decision lies beyond the pale of reasonable justification under the circumstances.” Hannan v. Apfel, 211 F.3d 1172, 1174 (9th Cir.2000).
As we have previously noted, “[t]he 1993 amendments to General Rule 4(m) gave courts greater leeway to preserve meritorious lawsuits despite untimely service of process.” United States v. 2,164 Watches, 366 F.3d 767, 772 (9th Cir.2004). The amendments give courts “discretion to enlarge the 120-day period ‘even if there is no good cause shown.’ ” Henderson v. United States, 517 U.S. 654, 663, 116 S.Ct. 1638, 134 L.Ed.2d 880 (1996) (quoting Fed. R. Civ. P. 4, Advisory Committee Note to 1993 Amendments, Subdivision (m)). A court may retroactively grant such an extension after the 120-day period has expired. Mann, 324 F.3d at 1090.
In weighing whether to grant an extension in the absence of good cause, the district court may properly take into account whether the plaintiff could re-file the suit if it were dismissed. “The district court’s discretion is not diminished when the statute of limitations would bar refiling of the suit if the district court decided to dismiss the case instead of grant an extension. To the contrary, the advisory committee notes explicitly contemplate that a district court might use its discretion to grant an extension in that very situation: ‘Relief may be justified, for example, if the applicable statute of limita *1043 tions would bar the re-filed action.’ ” Id. at 1090-91 (quoting Fed.R.Civ.P. 4, Advisory Committee Note to 1993 Amendments, Subdivision (m)); accord De Tie v. Orange Cty., 152 F.3d 1109, 1111 n. 5 (9th Cir.1998). This consideration should carry greater weight in § 1983 cases, because “the public policy favoring resolution on the merits is ‘particularly important in civil rights cases.’ ” Hernandez v. City of El Monte, 138 F.3d 393, 401 (9th Cir.1998) (quoting Eldridge v. Block, 832 F.2d 1132, 1137 (9th Cir.1987)). Here, the statute of limitations would have prevented Efaw from re-filing his excessive force claim if the district court had dismissed this case. See TwoRivers v. Lewis, 174 F.3d 987, 991 (9th Cir.1999) (statute of limitations for Arizona § 1983 claims is two years).
Further, although Williams was prejudiced by delay, and although seven years is an extraordinary delay, the most significant prejudice to Williams’ defense cannot be attributed to this delay’s extraordinary length. The greatest harm to Williams’ defense between 1996 and 2003 was the death of Williams’ co-defendant Kerr. Kerr's testimony might have corroborated Williams’ account and convinced the jury to hold in her favor. We were told at argument that Kerr died in 1998, only two years into the delay. Two years’ delay in serving a defendant is not extraordinary. See, e.g., McGuire v. Tumbo, 137 F.3d 321, 323-24 (5th Cir.1998) (service timely where plaintiff served defendant within court’s extended deadline, nearly two years after filing suit). Thus, the extraordinary length of the delay in this case contributed less to the prejudice to Williams than it might seem at first blush, and certainly contributed less than if Kerr had died in the seventh year (in which case I would have joined the majority).
Williams has been unable to point us to a single case in which a court has held that a district court abused its discretion in granting an extension under Rule 4(m). I would decline to do so in this case, despite Efaw’s long delay. Granting the extension was not “beyond the pale of reasonable justification under the circumstances,” because Efaw would otherwise have been barred from litigating the merits of his civil rights claim. Harman, 211 F.3d at 1174. I would defer to the judgment of the district court.