Cion Adonis PERALTA,
Plaintiff–Appellant,

v.

D.O. CAIRE, Correctional Sergeant; et al., Defendants–Appellees.

No. 06–55113.

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 20, 2007.*

Filed March 1, 2007.

Cion Adonis Peralta, Ione, CA, pro se.

Terrence F. Sheehy, Esq., Office of the California Attorney General, San Diego, CA, for Defendants–Appellees.

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before: BEEZER, FERNANDEZ, and McKEOWN, Circuit Judges.

MEMORANDUM **

Cion Adonis Peralta, a California state prisoner, appeals pro se from the district court's order dismissing as untimely his 42 U.S.C. § 1983 action alleging that correctional officers were deliberately indifferent to his medical needs and denied him due process. We have jurisdiction under 28 U.S.C. § 1291. We review de novo the dismissal of a complaint on statute of limitation grounds, *Mann v. American Airlines,* 324 F.3d 1088, 1090 (9th Cir.2003), and we reverse and remand for further proceedings.

Peralta's complaint alleges that defendants improperly forced him to bunk in a top bunk, in violation of doctor's orders, from August 19, 2000, to October 9, 2000. Peralta commenced the administrative grievance process on October 7, 2004, two days before the statute of limitations expired. *See* Cal.Civ.Proc.Code § 335.1 (statute of limitations for personal injury actions in California is two years); Cal.Civ. Proc.Code § 352.1(a) (the limitations period is tolled for an additional two years for incarcerated individuals); *Jones v. Blanas,* 393 F.3d 918, 927 (9th Cir.2004) (for actions under 42 U.S.C. § 1983, courts apply the forum state's statute of limitations for personal injury actions, along with the forum state's law regarding tolling, except to the extent any of these laws is inconsistent with federal law); *Brown v. Valoff,* 422 F.3d 926, 943 (9th Cir.2005) (the applicable statute of limitations must be tolled while a prisoner completes the mandatory exhaustion process). The district court erred when it dismissed Peralta's action as time-barred.

**REVERSED and REMANDED.**

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

