Peter ERIKSEN; et al., Plaintiffs—
Appellants,

v.

The WASHINGTON STATE PATROL,
a state agency; et al., Defendants—
Appellees.

Nos. 06–35412, 06–35492.

United States Court of Appeals,
Ninth Circuit.

Submitted Dec. 17, 2008.*

Filed Jan. 14, 2009.

Peter Eriksen, Royal, WA, pro se.

Mary Emma Eriksen, Royal City, WA, pro se.

Carl Perry Warring, Esq., Attorney General of Washington, Christopher Joseph Kerley, Esq., Keefe King & Bowman, Spokane, WA, Kirk A. Ehlis, Esq., Menke Jackson Beyer Elofson Ehlis & Harper, Yakima, WA, for Defendants–Appellees.

* The panel unanimously finds this case suitable for decision without oral argument and therefore denies the Eriksens' motion. *See* Fed. R.App. P. 34(a)(2).

Before: WALLACE, TROTT, and RYMER, Circuit Judges.

MEMORANDUM **

Peter Eriksen and Mary Emma Eriksen appeal pro se from two judgments dismissing their civil rights action with prejudice. The district court granted defendants' motions to dismiss the Eriksens' action for insufficient service under Rule 4(m) of the Federal Rules of Civil Procedure, expiration of the statute of limitations, and, with respect to the State defendants, Eleventh Amendment immunity. We have jurisdiction under 28 U.S.C. § 1291. We review for an abuse of discretion the district court's dismissal for failure to comply with service of process requirements. *Townsel v. County of Contra Costa, Cal.,* 820 F.2d 319, 320 (9th Cir.1987). We review de novo dismissal on statute of limitations and Eleventh Amendment grounds. *Mann v. Am. Airlines,* 324 F.3d 1088, 1090 (9th Cir.2003) (statute of limitations); *Yakama Indian Nation v. Wash. Dep't of Revenue,* 176 F.3d 1241, 1245 (9th Cir.1999) (Eleventh Amendment). We affirm in part, vacate in part, and remand.

■ The district court properly concluded that the Eriksens' claims were subject to dismissal under Rule 4(m) because the Eriksens did not effect service of the complaint and summons within 120 days of the filing of the complaint or show good cause for failing to do so. *See* Fed.R.Civ.P. 4(e), (j), (m). We reject the Eriksens' contention that the district court was responsible for effecting service. *Boudette v. Barnette,* 923 F.2d 754, 757 (9th Cir.1991) ("An

[in forma pauperis] plaintiff must request that the marshal serve his complaint before the marshal will be responsible for such service.").

■ The district court properly dismissed the Eriksens' state-law claims with prejudice on statute of limitations grounds because these claims were untimely under Washington law. *See* R.C.W. §§ 4.16.080, 4.16.100(1), 4.16.170; *Henderson v. United States,* 517 U.S. 654, 657 n. 2, 116 S.Ct. 1638, 134 L.Ed.2d 880 (1996). However, the district court erroneously dismissed the Eriksens' 42 U.S.C. § 1983 claim as untimely. For statute of limitations purposes, the Eriksens constructively filed their complaint on June 24, 2005, when they delivered it to the clerk. *See Loya v. Desert Sands Unified Sch. Dist.,* 721 F.2d 279, 280–81 (9th Cir.1983).

■ The district court properly dismissed with prejudice the Eriksens' claims against the State on the basis of Eleventh Amendment immunity. However, the court erred when it dismissed the claims against the individual State defendants on Eleventh Amendment grounds because the court should have presumed that the complaint sued these defendants in their personal rather than their official capacities. *See Romano v. Bible,* 169 F.3d 1182, 1186 (9th Cir.1999).

The Eriksens' remaining contentions are not persuasive.

We affirm the dismissal with prejudice of the Eriksens' state-law claims against all defendants and the Eriksens' § 1983 claim against the State. With respect to the Eriksens' § 1983 claim against the County defendants, the City defendants, and the individual State defendants, we

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

vacate the dismissal with prejudice and remand for dismissal without prejudice.

The parties shall bear their own costs on appeal.

**AFFIRMED in part, VACATED in part, REMANDED.**