**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ARTHUR HERNANDEZ, JR., | No. 08-55490 |
| Plaintiff - Appellant, | D.C. No. 2:07-cv-05230-R-AGR |
| v. | |
| PACIFIC MARITIME ASSOCIATION and JANET SNYDER, | MEMORANDUM [*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Central District of California
Manuel L. Real, District Judge, Presiding

Argued and Submitted October 9, 2009
Pasadena, California

Before: HALL and TALLMAN, Circuit Judges, and LAWSON, [**] District Judge.

Plaintiff Arthur Hernandez, Jr. appeals from the orders of the district court

denying his motion to remand for lack of subject matter jurisdiction. The district

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The Honorable David M. Lawson, United States District Judge for the Eastern District of Michigan, sitting by designation.

court also dismissed Hernandez's case without prejudice, but he does not challenge that order. He argues that the district court had no subject matter jurisdiction over his second amended complaint, which pleaded only state law claims, and therefore the court should have granted his motion to remand to state court. We have jurisdiction under 28 U.S.C. § 1291, *see De Tie v. Orange County*, 152 F.3d 1109, 1111 (9th Cir. 1998) (distinguishing between the dismissal of a complaint with leave to amend, which is a non-final order, and the dismissal of an action, even if it is without prejudice, which is a final order), and we affirm.

The key question in this appeal is whether resolution of one or more of the causes of action in the plaintiff's second amended complaint "depends upon the meaning of a collective-bargaining agreement." *Lingle v. Norge Div. of Magic Chef, Inc.*, 486 U.S. 399, 405-06 (1988). An affirmative answer to that question sets in motion the cascade of legal determinations that concludes in the finding that the state law claim is completely preempted by federal labor law, specifically section 301 of the Labor Management Relations Act (LMRA), 29 U.S.C. § 185, which displaces the state law claim and results in a proper finding that the district court had federal question jurisdiction over the action, with authority to dismiss it. *See Caterpillar Inc. v. Williams*, 482 U.S. 386, 394 (1987) ("[T]he pre-emptive force of § 301 [of the LMRA] is so powerful as to displace entirely any state cause of action for violation

2

of contracts between an employer and a labor organization. Any such suit is purely a creature of federal law, notwithstanding the fact that state law would provide a cause of action in the absence of § 301.") (quoting *Franchise Tax Bd. of Cal. v. Constr. Laborers Vacation Trust for S. Cal.*, 463 U.S. 1, 23 (1983) (internal quotation marks omitted).

We agree with the district court that resolution of the plaintiff's claims of intentional and negligent interference with prospective economic advantage cannot be achieved without interpreting the Pacific Coast Longshore Contract Document (the collective bargaining agreement (CBA) entered into by defendant Pacific Maritime Association (PMA) and the International Longshore and Warehouse Union), and the Coastwise Rules Covering Registration and Deregistration of Longshoremen and Clerks (the side agreement that regulated the dispatch list for casual laborers).

Under California law, the tort of interference with prospective economic advantage requires proof, among other things, of the existence of an economic relationship between the plaintiff and a third party, with the probability of future economic benefit to the plaintiff. *See Pac. Gas & Elec. Co. v. Bear Stearns & Co.*, 791 P.2d 587, 590 n.2 (Cal. 1990) (quoting *Youst v. Longo*, 729 P.2d 728, 733 n.6 (Cal. 1987)). The plaintiff also must prove that the interference was "wrongful by some legal measure other than the fact of interference itself." *Overstock.com, Inc. v.*

3

*Gradient Analytics, Inc.*, 61 Cal. Rptr. 3d 29, 49 (Cal. Ct. App. 2007) (quoting *Della Penna v. Toyota Motor Sales, U.S.A., Inc.*, 902 P.2d 740, 751 (Cal. 1995)).

Resolution of these claims will require interpretation of the CBA for several reasons. First, interpretation of the CBA and related documents is required to determine whether an economic relationship existed between Hernandez and the employers. PMA alleges that the plaintiff had been removed from the dispatch list in 2003 under the Port Hueneme Joint Port Labor Relations Committee's (JPLRC) rules, which ended his economic relationship with the employers and made impossible any future economic benefit from the employers. The JPLRC regulates dispatch lists using the Coastwise Rules, which fall under the "CBA" rubric for the purpose of section 301 preemption. *See Inlandboatmens Union of the Pac. v. Dutra Group*, 279 F.3d 1075, 1079 (9th Cir. 2002) (observing that "a collective bargaining agreement is not limited solely to the specific provisions of the basic labor contract formally executed by the parties, but it may also include, among other things, written side agreements and oral understandings entered into by the parties"). If the CBA or the Coastwise Rules provide for removal from dispatch lists based on an absence from the dispatch halls and the plaintiff was subject to removal thereunder, then he no longer had an economic relationship with the employers at the time of PMA's allegedly tortious conduct. Since the plaintiff disputes the validity or relevance of his removal

4

from the dispatch list, a court would be required to determine the meaning of the relevant rules and the effect of the JPLRC's action removing the plaintiff from the dispatch list. Such a determination necessarily amounts to a "state law factual inquiry . . . [that] turn[s] on the meaning of a[] provision of the collective-bargaining agreement." *Ward v. Circus Circus Casinos, Inc.*, 473 F.3d 994, 998 (9th Cir. 2007) (quoting *Galvez v. Kuhn*, 933 F.2d 773, 776 (9th Cir. 1991)).

Second, after the plaintiff proves that there is an economic relationship, he must also prove that "it is reasonably *probable* that the lost economic advantage would have been realized but for defendant's interference." *Youst*, 729 P.2d at 733. The parties accept the fact that all longshore work on the West Coast is governed by the CBA, and the plaintiff could not work and be paid as a casual worker unless the JPLRC finds reinstatement of the plaintiff to the dispatch list proper under the CBA and the Coastwise Rules. The JPLRC has authority "under the CBA to limit the number of workers in each category [i.e., casuals, identified casuals, B registered workers, and A registered workers] to conform to the volume of available work." *Audette v. Int'l Longshoremen's & Warehousemen's Union*, 195 F.3d 1107, 1112 (9th Cir. 1999). Therefore, any interpretation of the JPLRC's ability to reinstate casual workers under the CBA would require interpretation of the CBA and the Coastwise Rules.

5

Third, the defendants maintain that the plaintiff was properly removed from the list in 2003 for reasons unrelated to the alleged false statements on his U.S. Department of Labor Form LS-208. If that is true, the removal would not be "wrongful," *Overstock.com*, 61 Cal. Rptr. 3d at 49, since it would have been authorized by the CBA or a related side agreement. A determination of whether the removal was actually authorized by the CBA requires interpretation of the CBA.

Fourth, the defendants argue that they refused to reinstate the plaintiff to the dispatch list because he submitted false documentation on his Form LS-208 and thereby violated section 9.11 of the Coastwise Rules, which required the revocation of a casual worker's dispatch privileges. The parties dispute whether section 9.11 even applies to casual workers, and whether a violation of that rule actually bars reinstatement. The district court, therefore, would have to determine whether section 9.11 gave the JPLRC authority to deny the plaintiff's request for reinstatement, and then decide whether the plaintiff actually submitted false documentation as defined by the Coastwise Rules. Proof of a necessary element of the plaintiff's state law cause of action – that is, the wrongfulness of the interference – thus requires interpretation of the CBA and the related Coastwise Rules.

Because the plaintiff's state law claims for intentional and negligent interference with prospective economic advantage was preempted by section 301 of

6

the LMRA, the district court had federal question jurisdiction over at least some of the plaintiff's claims. Subject matter jurisdiction over the balance of the claims in the amended complaint was proper under 28 U.S.C. § 1367(a). The denial of the motion to remand was correct. The judgment of the district court is **AFFIRMED**.