**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MIGUEL VELEZ, | No. 10-16477 |
| Plaintiff - Appellant, | D.C. No. 2:09-cv-01136-JCM-GWF |
| v. | |
| REHAB RESULTS, INC., a corporation; JEFF M. S. SHEA, CRC, Certified Rehabilitation Counselor; NEVADA ALTERNATIVE SOLUTIONS, a business form unknown; RENA BOHAC; T&R PAINTING AND DRYWALL, INC., a corporation, | MEMORANDUM* |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the District of Nevada
James C. Mahan, District Judge, Presiding

Argued and Submitted June 15, 2011
San Francisco, California

Before: SCHROEDER, RIPPLE,** and BEA, Circuit Judges.

---

      *     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

      **     The Honorable Kenneth F. Ripple, Senior Circuit Judge for the United States Court of Appeals for the Seventh Circuit, sitting by designation.

Miguel Velez appeals the dismissal of his action against Rehab Results, Inc., Jeff Shea, Nevada Alternative Solution ("NAS"), and Rena Bohac under the Rehabilitation Act, the Americans with Disabilities Act ("ADA"), and 42 U.S.C. §§ 1981 and 1985(3).

The district court did not abuse its discretion when it granted Bohac's motion to dismiss based on insufficient process. Velez did not timely serve Bohac by any acceptable means, nor does it appear that he attempted to do so. *See* Fed. R. Civ. P. 4(e). He provided no sufficient basis for granting an extension to serve or service by publication. *See Mann v. American Airlines*, 324 F.3d 1088, 1090, n.2 (9th Cir. 2003) (moving party must demonstrate "good cause" in order to require the district court to grant the extension of time).

The district court properly dismissed Velez's 42 U.S.C. § 1981 claim on the ground that it failed to state any claim on which relief could be granted. Such a claim requires allegations of fact which plausibly establish intentional discrimination. *Gay v. Waiters' and Dairy Lunchmen's Union*, 694 F.2d 531, 537 (9th Cir. 1982); *see also Tex. Dep't. of Cmty. Affairs v. Burdine*, 450 U.S. 248, 256 (1981). Velez cannot allege any intentional discrimination on the part of defendants as the complaint and its supporting documentation demonstrate that Velez was denied rehabilitation benefits on account of his failure to provide the

documentation required by law in Nevada for all recipients of such benefits. *See Tarango v. State Industrial Insurance System*, 117 Nev. 444 (2001). Accordingly, the district court properly dismissed Velez's conspiracy claim brought under 42 U.S.C. § 1985(3), requiring the demonstration of underlying intentional discrimination. *See Scott v. Ross*, 140 F.3d 1275, 1284 (9th Cir. 1998).

The district court properly dismissed Velez's claims under the Rehabilitation Act, 29 U.S.C. § 791 and the ADA, 42 U.S.C. § 12112. The Rehabilitation Act covers only public employers. *See Collins v. Longview Fibre Co.*, 63 F.3d 828, 832 n.3 (9th Cir. 1995). Since none of the defendants are public employers, they cannot be sued under the Rehabilitation Act.

With respect to the ADA, because Velez does not allege that Rehab, Shea, or NAS employed him, they do not constitute a "covered entity" under the ADA, and thus cannot be sued under it. 42 U.S.C. § 12111(2) ("The term 'covered entity' means an employer, employment agency, labor organization, or joint labor-management committee.").

**AFFIRMED**.