NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

FEB 7 2020

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

PATRICIA L. WOODS,

          Plaintiff-Appellant,

v.

ROBERT STORMS, Staff Services
Manager II; et al.,

          Defendants-Appellees.

No. 18-16816

D.C. No.2:17-cv-00793-TLN-AC

MEMORANDUM[*]

Appeal from the United States District Court
for the Eastern District of California
Troy L. Nunley, District Judge, Presiding

Submitted February 4, 2020[**]

Before:     FERNANDEZ, SILVERMAN, and TALLMAN, Circuit Judges.

Patricia L. Woods appeals pro se from the district court's judgment

dismissing as untimely her action alleging violations of 42 U.S.C. §§ 1981,

1985(3), and 1986 arising out of her termination from her employment with

defendant California Department of Corrections and Rehabilitation. We have

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

jurisdiction under 28 U.S.C. § 1291. We review de novo a district court's dismissal on the basis of the applicable statute of limitations grounds. *Mann v. Am. Airlines*, 324 F.3d 1088, 1090 (9th Cir. 2003). We affirm.

The district court properly dismissed Woods's § 1981 claims as untimely because Woods failed to file these claims within the applicable four-year statute of limitations. *See Jones v. R.R. Donnelley & Sons Co.*, 541 U.S. 369, 382-84 (2004) (because § 1981(a) does not contain a statute of limitations, the four-year "catch all" statute limitations articulated by Congress applies (citing 28 U.S.C. § 1658(a)); *Lukovsky v. City & County of San Francisco*, 535 F.3d 1044, 1048 (9th Cir. 2008) (under federal law, a claim accrues "when the plaintiff knows or has reason to know of the injury which is the basis of the action" (citation and internal quotation marks omitted)).

The district court did not abuse its discretion in finding that equitable tolling did not apply to Woods's § 1981 claims because, contrary to Woods's contentions, § 1981 does not require that a plaintiff exhaust administrative remedies before filing a federal lawsuit. *See Johnson v. Lucent Techs. Inc.*, 653 F.3d 1000, 1009 (9th Cir. 2011) (setting forth standard of review); *see also Del. State Coll. v. Ricks*, 449 U.S. 250, 261 (1980) (explaining that "the pendency of a grievance or some other method of collateral review" does not toll the limitations period for a § 1981 claim (internal citations omitted)); *Surrell v. Cal. Water Ser. Co.*, 518 F.3d

2                                                                                           18-16816

1097, 1103 (9th Cir. 2008) (noting that "§ 1981 has no . . . requirement" that a plaintiff exhaust administrative remedies "before seeking a private action for damages").

The district court properly dismissed Woods's §§ 1985(3) and 1986 claims as untimely because Woods failed to file these claims within the applicable two-year statute of limitations. *See* Cal. Civ. Proc. Code § 335.1 (California's two-year statute of limitations for personal injury actions); *Taylor v. Regents of Univ. of Cal.*, 993 F.2d 710, 711 (9th Cir. 1993) (claims under § 1985(3) are governed by the state personal injury statute of limitations); *see also Trerice v. Pederson*, 769 F.2d 1398, 1403 (9th Cir. 1985) (a claim under § 1986 can only be stated if there is a valid claim under § 1985).

The district court did not abuse its discretion in finding that equitable tolling did not apply to Woods's § 1985(3) claims because Woods's new evidence regarding defendant California Public Employment Relations Board's alleged conflict of interest did not form the basis of her § 1985(3) conspiracy claims. *See Johnson*, 653 F.3d at 1009 (standard of review); *Retail Clerks Union Local 648, AFL-CIO v. Hub Pharmacy, Inc.*, 707 F.2d 1030, 1033 (9th Cir. 1983) ("When federal courts borrow a state statute of limitations, they also apply the state's tolling law if it is not inconsistent with federal law."); *Lukovsky*, 535 F.3d at 1051 (equitable tolling focuses on "whether there was excusable delay by the plaintiff:

3                                                                    18-16816

[i]f a reasonable plaintiff would not have known of the existence of a possible claim within the limitations period," then equitable tolling applies (citation and internal quotation marks omitted)). Equitable estoppel also does not apply to these claims. *See Lukovsky*, 535 F.3d at 1051-52 (explaining doctrine of equitable estoppel under California and federal law).

The district court did not abuse its discretion in denying Woods leave to amend because amendment would have been futile. *See Smith v. Pac. Props. & Dev. Corp.*, 358 F.3d 1097, 1100 (9th Cir. 2004) (setting forth standard of review); *see also Hoang v. Bank for Am., N.A.*, 910 F.3d 1096, 1103 (9th Cir. 2018) (explaining that "amendment would be an exercise in futility . . . when the claims are barred by the applicable statute of limitations" (citation and internal quotation marks omitted)).

We do not consider matters not specifically and distinctly raised and argued in the opening brief. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

Woods's request for oral argument, set forth in the reply brief, is denied.

**AFFIRMED.**