MEMORANDUM * Plaintiffs, a class of sexually violent predators (“SVPs”) challenging their conditions of confinement at California state hospitals, appeal from a district court order dismissing their complaint. On appeal, plaintiffs argue that their claims are not moot and that the district court abused its discretion in denying their motions to amend and to transfer venue. We have jurisdiction under 28 U.S.C. § 1291 and we affirm. An order dismissing a complaint as moot is reviewed de novo. Native Vill. of Noatak v. Blatchford, 38 F.3d 1505, 1509 (9th Cir. 1994). Orders denying motions to amend complaints, to transfer venue under 28 U.S.C. § 1404(a), and to extend the period for effecting service' of process are all reviewed for abuse of discretion. Ventress v. Japan Airlines, 603 F.3d 676, 680 (9th Cir. 2010); Mann v. Am. Airlines, 324 F.3d 1088, 1090 (9th Cir. 2003); Jones v. GNC Franchising, Inc., 211 F.3d 495, 498 (9th Cir. 2000). Plaintiffs’ claims are moot. A claim for injunctive relief is moot if plaintiffs “cannot reasonably be expected to benefit from prospective relief ordered against the defendant.” Bayer v. Neiman Marcus Grp., Inc., 861 F.3d 853, 864 (9th Cir. 2017). Where plaintiffs seek to enjoin unlawful practices at a facility in which they are confined, transfer to a different facility typically moots their claims. See Nelson v. Heiss, 271 F.3d 891, 897 (9th Cir. 2001); Dilley v. Gunn, 64 F.3d 1365, 1368 (9th Cir. 1995). Here, plaintiffs’ transfer from the Atascadero facility to the Coalinga facility mooted their claims against the defendants who were engaged in prison operations at Atascadero. Transfer does not moot challenges to system-wide practices, but plaintiffs can only bring system-wide claims if a defendant in the action can provide the relief sought. See Walker v. Beard, 789 F.3d 1125, 1132 (9th Cir. 2015). Assuming ar-guendo that plaintiffs raised system-wide claims, the district court lacked personal jurisdiction over the defendants who could provide system-wide relief due to plaintiffs’ failure to timely serve those defendants. See Fed. R. Civ. P. 4(m). The district court did not abuse its discretion in refusing to grant an extension of time for service, since plaintiffs sought the extension fourteen years after filing their Second Amendment Complaint and did not show good cause. See Efaw v. Williams, 473 F.3d 1038, 1041 (9th Cir. 2007). Nor did the district court abuse its discretion in denying plaintiffs’ motion to amend their complaint. District courts must consider any evidence of bad faith, undue delay, prejudice, or futility when deciding a motion to amend. Royal Ins. Co. of Am. v. Sw. Marine, 194 F.3d 1009, 1016-17 (9th Cir. 1999). The district court correctly determined that the proposed amendment would be futile. The complaint as amended would not revive plaintiffs’ system-wide claims, since the second and' third complaints listed the same system-wide policymakers, neither of whom had been timely served. The facility-specific claims, brought against officials at Coalin-ga State Hospital and. based on conduct alleged to have occurred there, would be dismissed for improper venue even if the complaint were amended. See 28 U.S.C. § 1391(b). The prejudice to defendants-who would suddenly find themselves faced, in effect, with an entirely new lawsuit following the proposed amendment-further supports the district court’s denial, as does the lengthy and unexplained delay in seeking amendment. The district court did not err in denying the motion to amend. Nor did the district court err in denying plaintiffs’ motion to transfer venue. Judges considering 28 ’ U.S.C. § 1404(a) motions make individualized, case-by-case determinations as to whether transfer is appropriate. Jones v. GNC Franchising, Inc., 211 F.3d 495, 498 (9th Cir. 2000). Here, the claims set forth in plaintiffs’ Second Amended Complaint would remain moot even if the motion were granted. Under these circumstances, the denial was not erroneous. AFFIRMED. This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.