

**NOT FOR PUBLICATION**

## UNITED STATES BANKRUPTCY APPELLATE PANEL
### OF THE NINTH CIRCUIT

In re:                              )    BAP No.   NV-17-1135-BHTa
                                    )
RICHARD DOMINGO,                    )    Bk. No.   15-14153-ABL
                                    )
                Debtor.             )    Adv. No.  15-01178-ABL
_____ )
                                    )
RICHARD DOMINGO,                    )
                                    )
                Appellant,          )
                                    )
v.                                  )    **M E M O R A N D U M**[1]
                                    )
VICTOR O. PORTUGUES-SANTANA,        )
                                    )
                Appellee.           )
_____ )

Submitted Without Argument on December 1, 2017,

Filed - December 26, 2017

Appeal from the United States Bankruptcy Court
for the District of Nevada

Honorable August B. Landis, Bankruptcy Judge, Presiding

_____

Appearances:   Joseph H. Reinhardt on brief for appellant, Richard
               Domingo.[2]

_____

Before:   BRAND, HOULE[3] and TAYLOR, Bankruptcy Judges.

_____

[1]   This disposition is not appropriate for publication. Although it may be cited for whatever persuasive value it may have (see Fed. R. App. P. 32.1), it has no precedential value. See 9th Cir. BAP Rule 8024-1.

[2]   Appellee Victor O. Portugues-Santana did not file a brief or otherwise appear in this appeal.

[3]   Hon. Mark D. Houle, Bankruptcy Judge for the Central District of California, sitting by designation.

Chapter 7[4] debtor Richard Domingo appeals a judgment determining that a prepetition debt owed to Victor O. Portugues-Santana ("Portugues") was excepted from Domingo's discharge under § 523(a)(2)(A) on the basis of issue preclusion after trial.  In addition, Domingo appeals:  (1) the order granting his motion to dismiss the original complaint under Civil Rule 12(b)(5) due to Portugues's failure to comply with Civil Rule 4(m) but with leave to amend, which allowed Portugues to file an amended complaint after the statute of limitations under Rule 4007(c) had expired; (2) the orders denying the motion to dismiss the amended complaint and reconsideration of that order; and (3) the order denying an additional motion to dismiss the amended complaint.

We conclude that the dischargeability judgment is void because the bankruptcy court lacked personal jurisdiction over Domingo.  Accordingly, the judgment is VACATED.

## I. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

### A.    Prepetition events

Domingo is a 76-year-old veteran who now lives on a military pension, social security benefits, and wages from various part-time jobs.  Portugues resides in Puerto Rico, where he operates a Heineken beer distributorship and Zen Spa, an upscale spa business.

In 2006, Portugues decided to make a foray into the women's clothing retail industry by opening a Victoria's Secret franchise in Puerto Rico.  To that end, he sought the assistance of Domingo,

---

[4] Unless specified otherwise, all chapter, code and rule references are to the Bankruptcy Code, 11 U.S.C. §§ 101-1532, and the Federal Rules of Bankruptcy Procedure, Rules 1001-9037.  The Federal Rules of Civil Procedure are referred to as "Civil Rules."

who at that time was a business broker and conducted his business operations through his entity, Rekomdiv International, Inc., in Washington D.C. ("Rekomdiv"). Domingo also had a relationship with former U.S. Senator, Birch Bayh, as a special assistant to Bayh. At the time, Bayh was a partner at the Washington D.C. law firm of Venable, LLC and a board member of a large, national shopping mall owner.

Domingo recommended that Portugues work with Bayh to assist him in establishing a business relationship with Victoria's Secret. Domingo explained to Portugues that "Victoria's Secret owed many favors to Bayh" so "this was, for all purposes, a done deal." Domingo told Portugues that he had to retain both the Venable firm and Rekomdiv to complete the deal. Portugues met with Domingo and Bayh in Washington D.C. to discuss the establishment of a Victoria's Secret franchise in Puerto Rico to be operated by Portugues.

Portugues paid a $400,000 retainer fee to Venable and a $100,000 business broker's fee to Rekomdiv. Portugues later paid another $125,000 to Rekomdiv in pursuit of the business venture. After entering into the retainer agreements and after the money had flowed from Portugues to Rekomdiv, Portugues was advised that no Victoria's Secret franchise could be established in Puerto Rico because Victoria's Secret did not offer store franchises. Nevertheless, Domingo assured Portugues that other business opportunities were available aside from Victoria's Secret that could be pursued on his behalf, including a women's clothing store franchise called Mango or establishing franchises for Zen Spa. No other business opportunities panned out for Portugues.

Portugues filed suit against Domingo and Rekomdiv in the United States District Court for the District of Puerto Rico, alleging that Domingo's false representations about the availability of a Victoria's Secret franchise fraudulently induced him to enter into the retainer agreements with Venable and Rekomdiv. The alleged claim, known as "dolo" in Puerto Rico, is essentially a claim for "fraud in the inducement."[5]

Following a seven-day trial, the jury returned its verdict against Domingo and Rekomdiv for "dolo." The jury assessed damages in favor of Portugues and against Domingo and Rekomdiv for $625,000, the full amount of money Portugues had paid toward the Victoria's Secret venture.

On April 28, 2010, the District Court entered a judgment in accordance with the jury's verdict ("Puerto Rico Judgment"). Domingo appealed the Puerto Rico Judgment to the First Circuit Court of Appeals, which affirmed the dolo claim and Domingo's and Rekomdiv's liability to Portugues. Portugues-Santana v. Rekomdiv Int'l, Inc., 657 F.3d 56 (1st Cir. 2011).

**B.    Postpetition events**

**1.    The original dischargeability complaint**

After Domingo filed his chapter 7 bankruptcy case, Portugues filed a timely dischargeability complaint on October 21, 2016, alleging that the Puerto Rico Judgment was nondischargeable under § 523(a)(2)(A).

---

[5] "Dolo" can take two forms: (1) dolo in the formation of a contract; or (2) dolo in the performance of contractual obligations. Domingo and Rekomdiv were found liable for dolo in the formation of contracts between Portugues and Rekomdiv and Venable.

-4-

The bankruptcy court issued a summons on October 21, 2015. Copies of the summons and complaint were served on Domingo's bankruptcy counsel at his Las Vegas office by certified mail on October 29, 2015. Domingo's bankruptcy attorney retired just two days later on October 31, 2015.

Despite not being served with the summons and complaint, Domingo, with the assistance of adversary counsel, filed a timely answer to the complaint. In his affirmative defenses, Domingo asserted insufficient service of process. He raised this same affirmative defense in his later-filed amended answer.

The 120-day period for Portugues to serve Domingo with the dischargeability complaint expired February 18, 2016.

**2.    Motion to dismiss the original complaint**

On February 22, 2016, Domingo moved to dismiss Portugues's complaint under Civil Rule 12(b)(5)[6] for insufficient service of process and Civil Rule 12(b)(6) for failure to state a claim upon which relief could be granted (the "Motion to Dismiss"). Domingo maintained that service failed because Portugues did not serve him with the summons and complaint within the 120 days prescribed under Civil Rule 4(m)[7]; mailing them to his former bankruptcy

--------

[6] Civil Rule 12(b)(5), applicable here by Rule 7012, provides:

(b) Every defense to a claim for relief in any pleading must be asserted in the responsive pleading if one is required. But a party may assert the following defenses by motion:

(5) insufficient service of process[.]

[7] Civil Rule 4(m) in effect at the time and applicable here by Rule 7004(a) stated:

(continued...)

-5-

counsel was insufficient, especially since no evidence established that Domingo consented to such service. Domingo further contended that no good cause existed to extend the service deadline. Domingo maintained that the dischargeability complaint had to be dismissed "with prejudice" because the 60-day statute of limitations under Rule 4007(c) had run on October 26, 2015. Alternatively, Domingo contended that dismissal was proper because the complaint failed to plead a claim under § 523(a)(2)(A).

In opposition, Portugues argued that service of the summons and complaint was effective because it was made on Domingo's former bankruptcy counsel within the 120 days.

In its oral ruling, the bankruptcy court granted Domingo's Motion to Dismiss under Civil Rule 12(b)(5) for insufficient service of process, because Domingo had not been served with the summons and complaint within the 120-day period as required under Civil Rule 4(m). The court also granted Domingo's Motion to Dismiss under Civil Rule 12(b)(6), because the dischargeability complaint failed to state sufficient facts to support a claim under § 523(a)(2)(A). However, the court dismissed the complaint

---

[7](...continued)
Time Limit for Service. If a defendant is not served within 120 days after the complaint is filed, the court — on motion or on its own after notice to the plaintiff — must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period. This subdivision (m) does not apply to service in a foreign country under Rule 4(f), 4(h)(2), or 4(j)(1).

The 120-day service rule has since been reduced to 90 days, effective December 1, 2015. However, the bankruptcy court applied the former rule because the adversary proceeding was commenced on October 21, 2015. We agree that the former rule applied here.

"with leave to amend" and to allow completion of service of the amended complaint within a reasonable time. The court did not address the fact that the 60-day period within which to file Portugues's complaint under Rule 4007(c) had expired.

The order for the Motion to Dismiss (the "May 31 Order") provided that the motion was granted, without prejudice, under Civil Rules 12(b)(5) & (6) and that Portugues could file an amended complaint within 14 days from the date of entry of the order. In addition, the amended complaint had to be "personally served" on Domingo within 28 days from the date of entry of the order.[8]

### 3. The amended dischargeability complaint and related motions to reconsider and to dismiss

Portugues timely filed an amended dischargeability complaint, again alleging that the Puerto Rico Judgment was nondischargeable under § 523(a)(2)(A). The bankruptcy court issued a summons for the amended complaint on June 14, 2016, which expired on June 21, 2016. Rule 7004(e).

The process server for Portugues filed a return of service and affidavit indicating that she had attempted to serve Domingo personally at his last known address at least five times between June 7 and June 16 to no avail.[9] Ultimately, a copy of the

---

[8] The May 31 Order was later amended on June 22, 2016, to correct the error stating that Domingo's counsel had appeared for Portugues at the hearing on the Motion to Dismiss. All other terms of the order remained unchanged.

[9] Curiously, the process server attempted to serve Domingo three times before the court even issued the summons, on June 7, 9 and 11.

-7-

summons and amended complaint was mailed to Domingo on June 27, 2016, six days after the summons had expired.

In his answer to the amended complaint, Domingo challenged the service of process, arguing that service of the amended complaint with an expired summons was ineffective.

Prior to filing his answer to the amended complaint, Domingo moved to dismiss the amended complaint on the basis that he was not "personally served" with the summons and complaint by the deadline of June 28, 2016, as instructed in the May 31 Order ("Motion to Dismiss the FAC").

Portugues opposed the Motion to Dismiss the FAC, arguing that timely service on Domingo by mail on June 27, 2016, was acceptable despite the May 31 Order's directive to serve him "personally."

In reply, Domingo argued that service by mail was contrary to the May 31 Order and was ineffective because he was served with an invalid summons; the summons expired on June 21, 2016, but he was not served with it until June 28, 2016.

The bankruptcy court denied the Motion to Dismiss the FAC, ruling that, by diligently attempting to serve Domingo personally with the summons and amended complaint and eventually completing service on Domingo by mail on June 27, 2016, before the deadline of June 28, 2016, Portugues had complied with the May 31 Order's directive and Rule 7004(b)(2). The court did not address the expired summons issue.

Domingo timely moved for reconsideration of the court's order denying the Motion to Dismiss the FAC. He argued that service of the amended complaint was invalid, contrary to what the court had found, because the summons was expired when it was served and no

-8-

alias summons had been requested or issued.

The bankruptcy court denied the motion to reconsider, stating only that Domingo presented no grounds for reconsideration.

Meanwhile, on July 28, 2016, Domingo filed another motion to dismiss the amended dischargeability complaint ("Second Motion to Dismiss the FAC"). This motion was filed as a back-up in case the court was to deny the Motion to Dismiss the FAC, which it later did on September 7. Domingo was now seeking dismissal of the amended complaint on the basis of untimely filing. Domingo argued that the bankruptcy court had abused its discretion by dismissing the original complaint without prejudice and allowing Portugues to file and serve an amended complaint after the 60-day statute of limitations under Rule 4007(c) had run. Domingo argued that such ruling was an impermissible, sua sponte retroactive extension of the 60-day deadline for filing a § 523(c) complaint.

The bankruptcy court denied the Second Motion to Dismiss the FAC, noting that it had already considered the issues raised in the motion.

**4.    Trial on the amended complaint and judgment**

After a one-day trial, the bankruptcy court issued its oral ruling on Portugues's § 523(a)(2)(A) claim. Overall, the court did not find Domingo's testimony credible. Ultimately, the court determined that issue preclusion applied to the Puerto Rico Judgment and found that the dolo claim met each of the elements for a claim under § 523(a)(2)(A). The court entered an order and judgment consistent with its oral ruling. The Puerto Rico Judgment of $625,000 was excepted from Domingo's discharge under § 523(a)(2)(A). Domingo timely appealed.

-9-

## II. JURISDICTION

The bankruptcy court had jurisdiction under 28 U.S.C. §§ 1334 and 157(b)(2)(I). We have jurisdiction under 28 U.S.C. § 158.

## III. ISSUES

1. Did the bankruptcy court's ruling granting the Motion to Dismiss with leave to amend create an impermissible, retroactive extension of the deadline for filing dischargeability complaints under Rules 4007(c) and 9006(b)(3)?

2. Did the bankruptcy court err by implicitly ruling that service of the amended complaint on Domingo was sufficient despite the expired summons?

3. Did the bankruptcy court err in applying issue preclusion to the Puerto Rico Judgment to determine that the debt was nondischargeable under § 523(a)(2)(A)?

## IV. STANDARDS OF REVIEW

The bankruptcy court's interpretations of the Federal Rules of Civil Procedure and the Bankruptcy Rules are a question of law reviewed de novo. Mann v. Am. Airlines, 324 F.3d 1088, 1090 (9th Cir. 2003) (Civil Rules); Unioil v. Elledge (In re Unioil, Inc.), 962 F.2d 988, 990 (10th Cir. 1992) (Bankruptcy Rules).

We review de novo the bankruptcy court's determination that issue preclusion was available. Plyam v. Precision Dev., LLC (In re Plyam), 530 B.R. 456, 461 (9th Cir. BAP 2015). If issue preclusion was available, we review the bankruptcy court's application of it for an abuse of discretion. Id.

We review for an abuse of discretion the bankruptcy court's decision to deny a reconsideration motion under Civil Rule 59. Ybarra v. McDaniel, 656 F.3d 984, 998 (9th Cir. 2011); Cruz v.

-10-

<u>Stein Strauss Tr. # 1361, PDQ Invs., LLC (In re Cruz)</u>, 516 B.R. 594, 601 (9th Cir. BAP 2014).

A bankruptcy court abuses its discretion if it applies the wrong legal standard, misapplies the correct legal standard, or if its factual findings are illogical, implausible, or without support in inferences that may be drawn from the facts in the record. <u>TrafficSchool.com, Inc. v. Edriver Inc.</u>, 653 F.3d 820, 832 (9th Cir. 2011).

## V. DISCUSSION

**A. The bankruptcy court's ruling granting Portugues leave to amend the original complaint despite dismissal under Civil Rule 12(b)(5) for failure to comply with Civil Rule 4(m) created an impermissible, retroactive extension of the deadline for Portugues to file his dischargeability complaint.**

Portugues's original complaint was timely filed on October 21, 2015, before the October 26, 2015 deadline, but Domingo was not served with the summons and original complaint within the 120-day period prescribed in Civil Rule 4(m). Although Domingo's bankruptcy counsel was timely served by certified mail, the bankruptcy court determined, and we agree, that service solely on Domingo's bankruptcy counsel was insufficient given Rule 7004(b)(9).[10] Portugues made no further efforts to serve Domingo within the 120 days, even in light of Domingo's timely-filed answer raising the affirmative defense of insufficient service of

---

[10] Rule 7004(b)(9) provides for service in the instance of an adversary proceeding against the debtor. It provides:

(9) Upon the debtor, after a petition has been filed, . . . by mailing a copy of the summons and complaint to the debtor at the address shown in the petition or to such other address as the debtor may designate in a filed writing.

-11-

process.

Thus, it is undisputed that service of the summons and original complaint was not in compliance with Civil Rule 4(m). That is why the bankruptcy court granted Domingo's Motion to Dismiss under Civil Rule 12(b)(5) and dismissed the complaint, which it was free to do.

It is also undisputed that, prior to the expiration of the 60-day deadline set forth in Rule 4007(c),[11] Portugues never sought an extension of that deadline. Moreover, the bankruptcy court could not extend the deadline sua sponte and certainly could not extend the deadline after it had expired. See <u>Willms v. Sanderson</u>, 723 F.3d 1094, 1100 (9th Cir. 2013).

Domingo argues that it was reversible error for the bankruptcy court to dismiss the original complaint "without prejudice." He argues that, because the 60-day statute of limitations under Rule 4007(c) had run prior to the dismissal of the original complaint for failure to comply with Civil Rule 4(m), Portugues was barred from bringing any dischargeability claims against him. Thus, the original complaint should have been dismissed "with prejudice." Domingo argues that when the court entered the May 31 Order with the caveat "without prejudice" and

---

[11] Rule 4007(c) provides for an extension of the deadline within which to file a complaint to determine dischargeability of a debt under § 523(c). It provides, in relevant part:

> On motion of a party in interest, after hearing on notice, the court may for cause extend the time fixed under this subdivision. The motion shall be filed before the time has expired.

See also Rule 9006(b)(3), which provides that the court may enlarge the time for taking action under Rule 4007(c), but only to the extent and under the conditions stated in that rule.

-12-

granted Portugues leave to amend the complaint, it constituted a sua sponte retroactive extension of the 60-day deadline in violation of Rule 4007(c) and Ninth Circuit law.

Domingo's argument that the May 31 Order dismissing the original complaint "without prejudice" was erroneous is not well taken. Civil Rule 4(m) mandates that, if the court dismisses the action for failure to comply with the rule, it must be dismissed "without prejudice." In fact, it would have been error for the bankruptcy court to have dismissed the original complaint "with prejudice" for insufficient service of process. Thomas v. Furness (Pac.) Ltd., 171 F.2d 434, 435 (9th Cir. 1948). This is consistent with the general rule that a dismissal for insufficient service of process under Civil Rule 12(b)(5) is not a dismissal on the merits. 5B Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 1353, at 345-46 (3d. ed. 2004).

However, we agree with the rest of Domingo's argument. Granting Portugues leave to amend in this case was reversible error. While a Civil Rule 4(m) dismissal is a dismissal without prejudice, a dismissal "without prejudice" does not mean "without consequence." Powell v. Starwalt, 866 F.2d 964, 966 (7th Cir. 1989). "The 'without prejudice' condition permits a plaintiff to refile the complaint as if it had never been filed." Vasquez v. N. Cty. Transit Dist., 292 F.3d 1049, 1061 (9th Cir. 2002), as amended (Aug. 7, 2002) (quoting Mendez v. Elliot, 45 F.3d 75, 78 (4th Cir. 1995)). A Civil Rule 4(m) dismissal does not, however, give the plaintiff the right to refile without the consequence of time defenses, such as the statute of limitations. Mendez, 45 F.3d at 78; Powell, 866 F.2d at 966 (applying former Civil

-13-

Rule 4(j)).

A plaintiff is precluded from refiling a case that was dismissed without prejudice for failure to perfect service of process where the statute of limitations has run, even if the dismissal was without prejudice. Petrucelli v. Bohringer & Ratzinger, 46 F.3d 1298, 1304 n.6 (3d. Cir. 1995) (applying former Civil Rule 4(j)); Lambert v. United States, 44 F.3d 296, 298 (5th Cir. 1995) (district court's order dismissing plaintiff's suit without prejudice for failure to comply with Civil Rule 4(m) left plaintiff in same position as if the first suit had never been filed, and the second suit filed beyond the statute of limitations was time barred); Powell, 866 F.2d at 966 (applying former Civil Rule 4(j)); Gartin v. Par Pharm. Cos., 561 F. Supp. 2d 670, 682 (E.D. Tex. 2007). See also Mann, 324 F.3d at 1091 (failure to serve process within Civil Rule 4(m)'s 120-day period does not affect the tolling of the statute of limitations unless the failure to serve process caused the court to dismiss the action).

The 60-day statute of limitations under Rule 4007(c) was tolled when Portugues filed his original complaint on October 21, 2015. See Vess v. Ciba-Geigy Corp. USA, 317 F.3d 1097, 1103 (9th Cir. 2003) (statute of limitations for a suit based on federal law is tolled when complaint is filed per Civil Rule 3, applicable here by Rule 7003). However, once his complaint was dismissed under Civil Rule 12(b)(5) for failure to comply with the service requirements of Civil Rule 4(m), it was as though the original complaint had never been filed and the statute of limitations ran on October 26, 2015. Thus, even though the dismissal was nominally "without prejudice," it was effectively "with prejudice"

-14-

because a new action was barred by the statute of limitations. United States v. Kenner Gen. Contractors, Inc., 764 F.2d 707, 709 (9th Cir. 1985), superceded by rule as stated in Oyama v. Sheehan (In re Sheehan), 253 F.3d 507, 512 (9th Cir. 2001).

Unfortunately, because the bankruptcy court dismissed the original complaint under Civil Rule 12(b)(5) for failure to comply with Civil Rule 4(m), it could not grant Portugues leave to amend the complaint, and its doing so impermissibly extended the statute of limitations deadline in Rule 4007(c). Hence, the amended complaint filed several months after the deadline was time barred.[12]

The service of process issue was brought by Domingo together with a motion to dismiss under Civil Rule 12(b)(6), which is odd procedurally, and confused the issue. If service of the original complaint had been perfected and the matter before the court was only a motion to dismiss that complaint under Civil Rule 12(b)(6), the court could have granted leave to amend and the amended complaint would have related back and avoided the statute of limitations problem. See Civil Rule 15(c)(1)(B), made applicable here by Rule 7015; Morrissey Constr. Co. v. Gantes (In re Gantes),

---

[12] The U.S. Supreme Court recently held that appeals-filing deadlines established by statute are jurisdictional and may not be waived or forfeited, whereas a "court-made" rule setting an appeals-filing deadline is a claim-processing rule that can be waived or forfeited and does not determine a federal appeals court's jurisdiction. Hamer v. Neighborhood Hous. Servs. of Chi., ___ U.S. ___, 2017 WL 5160782 (Nov. 8, 2017). This case turns on whether Domingo was served with the original complaint in compliance with Civil Rule 4(m) and the expiration of the time period for filing a dischargeability action as a result thereof. But, to the extent Hamer applies, Domingo did not waive or forfeit his right to assert the expiration of the limitations period or the lack of timely service, as he asserted these defenses in his answers and in motions to dismiss.

-15-

2016 WL 1169124, at *5-6 (9th Cir. BAP Mar. 23, 2016); In re Chaus Sec. Litig., 801 F. Supp. 1257, 1263 (S.D.N.Y. 1992).

A federal court is without personal jurisdiction over a defendant unless the defendant has been served in accordance with Civil Rule 4. Jackson v. Hayakawa, 682 F.2d 1344, 1347 (9th Cir. 1982). "Neither actual notice, nor simply naming the person in the caption of the complaint, will subject defendants to personal jurisdiction if service was not made in substantial compliance with Rule 4." Id. Because Domingo was not served with the summons and original complaint in accordance with Civil Rule 4, the bankruptcy court lacked personal jurisdiction over him. As a result, the nondischargeability judgment is void. Tuli v. Republic of Iraq (In re Tuli), 172 F.3d 707, 712 (9th Cir. 1999) (judgment entered without personal jurisdiction over the parties is void).

Because the § 523(a)(2)(A) judgment is void, we need not address the other issues raised by Domingo or the pretrial orders denying Domingo relief, including the bankruptcy court's decision to deny reconsideration of the order denying the Motion to Dismiss the FAC.

### VI. CONCLUSION

For the foregoing reasons, we VACATE the judgment determining that the Puerto Rico Judgment was excepted from Domingo's discharge under § 523(a)(2)(A).