NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

FEB 9 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ANTHONY PENTON, | No. 15-17216 |
| Plaintiff-Appellant, | D.C. No. 2:11-cv-00518-GEB-KJN |
| v. | |
| K. POOL; et al., | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Eastern District of California
Kendall J. Newman, Magistrate Judge, Presiding

Argued and Submitted October 20, 2017
San Francisco, California

Before: WALLACE and CALLAHAN, Circuit Judges, and RESTANI,[**] Judge.

Plaintiff-Appellant Anthony Penton seeks reversal of the district court's

dismissal of his 42 U.S.C. § 1983 action against Defendants-Appellees prison

officials for constitutional violations, and reversal of the district court's denial of

leave to amend his second amended complaint ("SAC"). Because Penton pled an

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The Honorable Jane A. Restani, Judge for the United States Court of International Trade, sitting by designation.

actionable access-to-courts claim in his First Amended Complaint ("FAC"), and because the district court erred in dismissing Penton's action for failure to effect service of process on his SAC, we **REVERSE** the district court's dismissal of Penton's FAC and its subsequent dismissal of Penton's action under Federal Rule of Civil Procedure 4(m), and **REMAND** for Penton's § 1983 action to proceed.

## I.

Penton's grievance has its genesis in a 52-year sentence, issued in 2000, for robbery. Penton timely filed a petition for a writ of habeas corpus in federal district court in the Southern District of California (hereafter the "habeas court") challenging his sentence, which that court denied. Penton argued that his sentence was unconstitutional under *Cunningham v. California*, 549 U.S. 270, 288–93 (2007), *see Penton v. Kernan*, 528 F. Supp. 2d 1020, 1049–51 (S.D. Cal. 2007), which declared California's Determinate Sentencing Law ("DSL") to be unconstitutional. This court subsequently held that *Cunningham* applies retroactively, thereby making it applicable to Penton. *Butler v. Curry*, 528 F.3d 624, 639 (9th Cir. 2008). The application of the DSL to Penton is responsible for perhaps ten years of his sentence.

On August 31, 2007, the magistrate judge in Penton's habeas action issued a report recommending denial of Penton's petition, and gave him an opportunity to object. *Penton*, 528 F. Supp. 2d at 1058. To research his objection, Penton sought

2

access to the prison law library, but Defendant J. Bradford denied him access. Having been obstructed in his efforts to conduct research, Penton filed a motion for an extension of time to file his objection, which the court granted, giving Penton until November 7, 2007 to file his objection. But because Penton's incoming mail was withheld, he only received notice of the extension on November 6. He filed another motion for an extension of time on November 6, but that motion never reached the habeas court because, Penton alleges, the prison sent it to the wrong court. Two days later, Penton was transferred to a Kentucky prison, and the clock ran out on Penton's time to object.

On December 20, 2007, the habeas court—unaware that Penton had sought an extension of time nearly seven weeks earlier—took up Penton's case, accepted the magistrate judge's report and recommendation, and denied him habeas relief. Because Penton's mail was withheld—in the end, for more than eight months—he did not receive notice of the habeas court's denial of his petition. Penton ultimately received his mail when he was returned to a California prison many months later, but by that time the window to appeal the court's denial of his petition had long since expired.

In 2011, Penton filed the instant 42 U.S.C. § 1983 action in federal court in the Eastern District of California (hereafter the "district court"), alleging that Defendant prison officials—who are located in the Eastern District—violated his

3

constitutional rights by, among other things, withholding his mail for more than eight months, thereby hindering his ability to pursue his habeas action in the habeas court.

## II.

Penton's matter is before us on the district court's dismissal of his § 1983 action without prejudice under Federal Rule of Civil Procedure 4(m) for failure to timely serve Defendant S. Nunez, who was first named in Penton's SAC.  Because we have jurisdiction under 28 U.S.C. § 1291 to review the district court's final judgment, *see Tie v. Orange Cnty.*, 152 F.3d 1109, 1111 (9th Cir. 1998), we also have jurisdiction to review the district court's interlocutory order dismissing Penton's FAC, *Hall v. City of L.A.*, 697 F.3d 1059, 1070 (9th Cir. 2012).

We review the district court's Rule 12(b)(6) dismissal of Penton's FAC de novo, *Los Angeles Lakers, Inc. v. Fed. Ins. Co.*, 869 F.3d 795, 800 (9th Cir. 2017), and construe the pleadings liberally as Penton is an inmate who proceeded pro se, *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010).  Because the district court considered documents attached to the complaint, we review facts in those documents together with the FAC itself.  *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003).

Penton's FAC asserts an access-to-courts claim based on wrongful interference with delivery of his mail.  To pursue an access claim at the pleading

4

stage, Penton must show that he has suffered an "actual injury" by plausibly alleging that a prison official interfered with his "capability of bringing contemplated challenges to sentences or conditions of confinement before the courts." *Lewis v. Casey*, 518 U.S. 343, 349, 353 n.3, 356 (1996). Satisfying this standard requires pleading that a prison official took some action that prevented Penton from having "'meaningful access' to the courts." *Phillips v. Hust*, 588 F.3d 652, 655–56 (9th Cir. 2009) (quoting *Lewis*, 518 U.S. at 351). Simply alleging a wrongful act *in vacuo* will not suffice. *Lewis*, 518 U.S. at 351. The "right at issue" is not "the right to a law library" or the right to receive one's mail; it is the right to access the courts to press a claim. *Id.* at 350. Thus, an "inmate . . . must . . . demonstrate that the alleged shortcomings . . . hindered his efforts to pursue a legal claim." *Id.* at 351.

In addition to pleading an underlying claim, a backwards-looking access claim must plead a remedy that "may be awarded as recompense but [is] not otherwise available in some suit that may yet be brought." *Christopher v. Harbury*, 536 U.S. 403, 415 (2002).

The magistrate judge recommended granting the State's motion to dismiss Penton's FAC for failure to plead an access-to-courts claim based on a review of the evidence in Penton's original trial, and the district court accepted the recommendation in full. That was error. The magistrate judge misconceived the

5

meaning of "actual injury" in the context of an access-to-courts claim. As *Lewis* makes plain, the "actual injury" analysis is akin to an Article III standing inquiry. *Lewis*, 518 U.S. at 349–50. It is not an assessment of the merits of the underlying claim that is now lost. *Id.*; *see also Allen v. Sakai*, 48 F.3d 1082 (9th Cir. 1994) (an inmate must merely show that he "could not *present a claim* to the courts because of the state's failure to fulfill its constitutional obligations" (emphasis added)). The magistrate judge, however, drilled into the merits of Penton's original habeas petition, transforming a threshold standing inquiry into an independent assessment of Penton's separate habeas action.[1]

Penton's FAC satisfies the standard set forth in *Lewis*, *Harbury*, and *Sakai* for pleading an access claim. First, Penton plausibly alleges that he was denied "resources . . . sufficient to provide meaningful . . . access to the courts," *Hust*, 588 F.3d at 656; *see Lewis*, 518 U.S. at 350, 355, as it is manifestly apparent that an inmate's legal mail may constitute such a "resource," *Davis v. Goord*, 320 F.3d 346, 351 (2d Cir. 2003). Second, Penton has standing to bring his access claim because he ties Defendants' alleged withholding of his mail to a lost, nonfrivolous

---

[1] That Penton may have been able to seek other relief—e.g., through a Rule 60(b) motion for reconsideration or a second-in-time habeas petition—is irrelevant to his access claim. Penton's constitutional injury was complete when his ability to challenge the magistrate judge's report and recommendation was impaired; he need not show that he was left with *no* other avenues for relief. *Sakai*, 48 F.3d at 1091. We also note that Penton may still be able to file a second habeas petition challenging his sentence. We take no position on whether a second-in-time habeas petition would be second-or-successive under 28 U.S.C. § 2244(b)(2).

legal claim—in his words, the "terminat[ion]" of his "habeas petition" and a violation of his constitutional right to "petition the [habeas] court for redress." *See Lewis*, 518 U.S. at 356; *Sakai*, 48 F.3d at 1091.

Third, Penton's FAC sufficiently pleads a causal nexus between interference with his mail and the lost "capability" of pressing an "underlying claim." *Lewis*, 518 U.S. at 356; *Harbury*, 536 U.S. at 415. Defendants' withholding of Penton's mail frustrated his ability to timely object to the magistrate judge's August 2007 report and recommendation, and to timely appeal the district court's December 2007 denial of his habeas petition. Accordingly, Penton has plausibly alleged that withholding his mail "hindered" his ability to access the courts to pursue his habeas petition.[2]

Finally, Penton's FAC pleads "a remedy that may be awarded as recompense" that is "not otherwise available in some suit that may yet be brought," *Harbury*, 536 U.S. at 415, by seeking, among other things, compensatory damages in the amount of $10,000 against each Defendant and costs. These are money damages that may be awarded in a successful access-to-courts § 1983 action, and

---

[2] The FAC also alleges with particularity each of the Defendants' actions that interfered with Penton's timely receipt of his legal mail. *See Leer v. Murphy*, 844 F.2d 628, 633–34 (9th Cir. 1988) (to prevail on a § 1983 claim, an inmate must show that "the specific prison official, in acting or failing to act, was deliberately indifferent to the mandates of the [law] and [] that this indifference was the actual and proximate cause of the deprivation of the inmate[']s[]" legal rights).

are not clearly duplicable through another type of action.

## III.

We turn next to the district court's dismissal of Penton's action for failure to effect service of process on his SAC under Rule 4(m). On November 15, 2012, Penton filed his SAC, which, at the magistrate judge's direction, was limited to his First Amendment withholding-of-mail claim and named only S. Nunez as a Defendant. In the two-and-a-half years that followed, Penton's SAC languished before the magistrate judge due to failure to effect service of process on Nunez.

The magistrate judge ordered the U.S. Marshals to assist in locating Nunez, as he was required to do for an incarcerated plaintiff proceeding in forma pauperis. Fed. R. Civ. P. 4(c)(3); *Puett v. Blandford*, 912 F.2d 270, 273 (9th Cir. 1990) ("[A] party proceeding in forma pauperis is entitled to have the summons and complaint served by the U.S. Marshal."). The magistrate judge also ordered Penton to collect documents related to Nunez's whereabouts and deliver them to the U.S. Marshals to assist in locating and serving Nunez. Penton did so.

In October 2013, nearly a year after Penton filed his SAC, the Marshals reported that they had attempted service at three government addresses. They were unsuccessful, however, because Nunez was no longer a state employee and had apparently left no forwarding address. The district court ordered the Marshals to redouble their efforts twice more, though it is unclear that they conducted further

8

research to identify a viable address at which to serve Nunez after their first attempt.

Having no success with the government, the magistrate judge turned back to Penton, and ordered him to provide a working address for Nunez. When Penton failed to do so, the district court dismissed Penton's action under Rule 4(m) for failure to show "good cause" for not serving Nunez within the statutory 120-day deadline. Fed. R. Civ. P. 4(m).

The district court erred. It should not have placed the onus on Penton to provide the necessary documentation to locate Nunez—beyond identifying him to the Marshals—in order to show "good cause" for failure to effect service. *Walker v. Sumner*, 14 F.3d 1415, 1422 (9th Cir. 1990). Because Penton "ha[d] furnished the information necessary to identify the defendant, the marshal's failure to effect service [wa]s automatically good cause within the meaning of Rule 4[]." *Id.* (internal quotation marks omitted)).

To be sure, our holding that Penton has shown "good cause" for failure to timely effect service does not consign his action to a fate of eternal suspension should the Marshals ultimately be unable to locate Nunez. If the district court is satisfied that the Marshals have fulfilled their obligation to search for a viable address where Nunez can be served, then it would act within its discretion to dismiss the action against Nunez under Rule 4(m). *See* Fed. R. Civ. P. 4(m) (the

court "must extend the time for service for an *appropriate* period" (emphasis added)).[3]

## CONCLUSION

We **REVERSE** the district court's dismissal of Penton's FAC, **REVERSE** the district court's dismissal of Penton's action under Rule 4(m), and **REMAND** for Penton's § 1983 action to proceed.  We observe that the district court has several options on remand to advance Penton's case.  The court may, for example, deem Penton's Third Amended Complaint the operative complaint going forward, grant Penton leave to combine his FAC and SAC in a fresh amended complaint, or proceed on the extant FAC and SAC.

---

[3] We do not reach a third issue—whether the district court erred in denying Penton leave to amend his SAC—because it is premature in light of our ruling.